**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEON JASAROVSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.: 25-CV-9799 |
| VILLAGE OF HAMPSHIRE, | ) | |
| GILBERT HUERAMO, and | ) | |
| CARLY MAYER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4.      Plaintiff is a resident of Hampshire, Illinois.

5.      Defendant-Officers Gilbert Hueramo (badge 144) and Carly Mayer (badge 149) (collectively "Defendant-Officers") were duly appointed and sworn Hampshire police officers during the events described in this Complaint. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of

1

state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      Defendant Village of Hampshire is a municipality in the state of Illinois and the employer of the Defendant-Officers and other police officers and municipal employees referred to in this Complaint.

**Facts**

8.      On August 18, 2023, at approximately 7:40 p.m., Leon Jasarovski was standing outside his vehicle at Seyller Park, a public park in the Village of Hampshire.

9.      Jasarovski had been playing basketball at the park.

10.     Jasarovski was not engaged in any criminal activity or other conduct that violated any state or city law or ordinance.

11.     At or around this time, Defendant Mayer approached Jasarovski and requested he provide identification.

12.     Jasarovski did not identify himself or provide identification.

13.     Defendant Hueramo arrived on scene and again requested Jasarovski provide identification and his name.

14.     Jasarovski did not identify himself or provide identification.

15.     Prior to the Defendant-Officers asking Jasarovski to provide identification and his identifying information they did not have probable cause to arrest Jasarovski for any crime.

16.     Defendant-Officers proceeded to arrest Jasarovski for "Obstructing Identification" because Jasarovski did not provide his name or other identifying information to the officers.

17.     Prior to and at the time that the Defendant-Officers arrested Jasarovski he was

2

standing near his vehicle that is registered to him in the State of Illinois.

18. After arresting Jasarovski, the Defendant-Officers impounded and searched his vehicle.

19. The Defendant-Officers caused damage to Jasarovski's vehicle when they searched the vehicle.

20. Jasarovski had to pay fees to get his vehicle released.

21. Jasarovski was held for several hours in the police station.

22. Defendant Hueramo signed a criminal complaint, under oath, charging Jasarovski with "Obstructing Identification."

23. Jasarovski was released from the station and given a notice to appear on September 25, 2023, in court in Kane County on the "Obstructing Identification" charge.

24. The Defendant-Officers also falsely claimed that Jasarovski was in possession of a controlled substance and told him he would be charged with a felony.

25. Plaintiff hired an attorney to represent and defend him against the charge initiated by the Defendant-Officers.

26. Plaintiff appeared in court on September 25, 2023.

27. The case did not proceed against him on that date because there was no legal basis to charge him with "Obstructing Identification."

28. Defendant Hueramo has a history of police misconduct at the Hampshire police department and at prior police departments where he has been employed

29. Defendant Village of Hampshire was aware or should have been aware of Defendant Hueramo's history of police misconduct prior to hiring him.

3

30. Defendant Village of Hampshire hired Defendant Hueramo despite the extensive history of police misconduct.

31. Defendant Village of Hampshire did not take sufficient steps to retrain, supervise or otherwise prevent Defendant Hueramo from continuing to engage in misconduct, including violating citizens' rights, when they hired and continued to employe Defendant Hueramo.

32. It was reasonably foreseeable to Defendant Village of Hampshire that employing Defendant Hueramo as a police officer would cause continued violations of citizens' rights and others harm to citizens.

### COUNT I - 42 U.S.C. § 1983 Unreasonable Seizure

33. Plaintiff realleges and incorporates the above paragraphs.

34. When the Defendant-Officers arrested Plaintiff for obstructing identification, Plaintiff was not free to leave.

35. The Defendant-Officers seized Plaintiff.

36. The Defendant-Officers did not have probable cause, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime when they arrested him.

37. The Defendant-Officers prosecuted Plaintiff which required him appear in court and hire any attorney, as well as be subject to various conditions of release that placed restraints on his freedom of movement.

38. The Defendant-Officers' seizure of Plaintiff without probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against the Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorney's fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

### COUNT II - 42 U.S.C. § 1983 Unreasonable Search

39.      Plaintiff realleges and incorporates the above paragraphs.

40.      The Defendant-Officers searched Plaintiff's car after arresting him without probable cause.

41.      The Defendant-Officers' search of Plaintiff's vehicle was unnecessary and unreasonable in that Plaintiff was arrested for Obstructing Identification, a minor violation for which the officers lacked probable cause under established law, and his vehicle was searched in an intrusive, extensive and destructive manner.

42.      The Defendant-Officers violated Plaintiffs' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable search.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against the Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorney's fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

### COUNT III - NEGLIGENT HIRING AND SUPERVISION

43.      Plaintiff realleges and incorporates the above paragraphs.

5

44.     At all relevant times, Defendant Village of Hampshire was a municipal corporation organized under the laws of the State of Illinois and was responsible for the hiring, training, supervision, discipline, and continued employment of police officers in its police department, including Officer Gilbert Hueramo ("Officer").

45.     Defendant Village of Hampshire owed members of the public, including Plaintiff, a duty to exercise reasonable care in:

a. Conducting pre-employment background investigations of police officer applicants;

b. Hiring only qualified and fit individuals to serve as sworn police officers; and

c. Retaining and supervising only those officers who demonstrated continued fitness for duty and adherence to professional and constitutional standards.

46.     Prior to hiring Officer, Defendant Village of Hampshire knew, or in the exercise of reasonable care should have known, that Officer was unfit for the position of police officer and posed a foreseeable risk of harm to the public.

47.     Before being hired by Defendant Village of Hampshire, Officer had been:

a. Terminated for cause from three separate police departments;

b. Resigned from another police department in lieu of termination or discipline;

c. The subject of numerous citizen complaints for misconduct; and

d. Previously arrested for domestic battery and burglary.

48.     For example, while working for the Village of Phoenix the Chief of Police emailed Officer that he has "received complaint after complaint from residents on minor issues" and that he gets "walk in complaints after every shift you work."

49.     When Officer worked for the Robbins Police Department, he was terminated for

not meeting standards. The Chief of Police for Robbins wrote that Officer "had excessive citizen complaints and used an incorrect ordnance on a ticket which had to be voided."

50.     In 2019, the Village Mayor of Crestwood wrote a letter to Officer that he reviewed his interactions with two male black subjects with both the Police Chief and Village Servies Director and "After reviewing reports and video, we have concluded that your conduct is unacceptable for a Crestwood Police Officer. Therefore, I am terminating your employment, as a part-Time Crestwood Police Officer, effective immediately."

51.     Each of the above facts was reasonably discoverable through a proper pre-employment investigation, including review of prior personnel files, complaint histories, and publicly available criminal records.

52.     Defendant Village of Hampshire either failed to conduct a reasonable background investigation or disregarded the results of such an investigation in deciding to hire Officer.

53.     After hiring Officer, Defendant Village of Hampshire continued to receive actual and/or constructive notice of his unfitness, including repeated citizen complaints, internal affairs investigations, and complaints from fellow officers,

54.     Despite this notice, Defendant Village of Hampshire failed to take reasonable remedial action, such as additional training, closer supervision, or termination, and instead retained Officer in his position without adequate oversight.

55.     Defendant Village of Hampshire consciously disregarded the known and obvious risk that retaining Officer in his position would likely result in harm to members of the public, including Plaintiff.

56.     By negligently hiring Officer in the first instance, and by thereafter willful and

7

wantonly retaining and supervising him despite repeated indications of unfitness, Defendant Village of Hampshire created and perpetuated an unreasonable risk that Officer would engage in misconduct and cause harm to members of the public, including Plaintiff.

57.     As a direct and proximate result of Defendant Village of Hampshire's negligent and willful and wanton hiring, retention, and supervision of Officer, Plaintiff suffered injury, emotional distress, humiliation, and other damages in an amount to be determined at trial.

58.     WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against the Village of Hampshire,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorney's fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV - Indemnification Claim

59.     The acts of the Defendant-Officers described in the above claims were committed in the scope of employment.

60.     Defendant Village of Hampshire is the employer of the Defendant-Officers at all times relevant to this Complaint.

61.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Village of Hampshire must indemnify the Defendant-Officers for any judgement, settlement or other verdict for compensatory damages, attorneys' fees and costs in this case.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Village of Hampshire to indemnify the Defendant-Officers for any judgment, settlement or verdict for compensatory damages and attorney's fees and costs in this case arising from the Defendant-

8

Officers' actions and Plaintiff's claims.

62.     Plaintiffs demand trial by jury.

Respectfully submitted,

s/ Louis J. Meyer
Attorney for Plaintiffs

Louis J. Meyer
MEYER & KISS, LLC
4255 N. Honore Street, Suite 309
Chicago, IL 60604
312-765-0100
louismeyer@meyerkiss.com

Amanda S. Yarusso
1180 N Milwaukee Ave
Chicago IL 60642
773.510.6198
Amanda.Yarusso@gmail.com